UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **RAFAEL PEREZ,** | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) No. 3:05cv0762 AS |
| | ) |
| **ED BUSS,** | ) |
| | ) |
| Respondent | ) |

*MEMORANDUM, OPINION AND ORDER*

On November 23, 2005, *pro se* petitioner, Rafael Perez, filed a petition seeking relief under 28 U.S.C. § 2254. The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana, and is confined in this district at the Indiana State Prison, Michigan City, Indiana. The Response filed on behalf of the respondent by the Attorney General of Indiana on March 29, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), asserting that the petitioner's claims are barred by the statute of limitations. The petitioner filed a Traverse and a proposed amended petition on May 15, 2006 as well as various filings on June 16, 2006, which this Court has carefully examined. The court ordered the respondent to respond to the amended petition, and the respondent filed his response on June 16, 2006, reiterating his contention that the statute of limitations bars relief in this case.

Of some basic importance here are the twin unanimous cases decided on the same day by the Supreme Court of the United States in *Woodford v. Visciotti*, 537 U.S. 19 (2002) and *Early v. Packer*, 537 U.S. 3 (2002). *See also Rice v. Collins*, 125 S.Ct. 969 (2006), *Bell v.*

*Cone*, 543 U.S. 447 (2005), reversing *Cone v. Bell*, 359 F.3d 785 (6th Cir. 2004), and *Charlton v. Davis*, 439 F.3d 369 (7th Cir. 2006). Also of some note is the provision of 28 U.S.C. § 2254(e)(1). It is also necessary to look at an unpublished memorandum decision of Judge Darden of the Court of Appeals of Indiana entered April 10, 1996, now slightly more than 10 years ago. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein. The decision was concurred in by then Chief Judge Sharpnack and Judge Chezem.

The state court proceedings here were had in the Lake Superior Court in Crown Point, Indiana. According to the Attorney General's memorandum of March 29, 2006, this petitioner was sentenced in 1995 from Marion County, Indiana for murder, and is serving a 35- year sentence. This court does know the difference between Marion County and Lake County, Indiana. This court also knows that the factual setting described in the opinion of the Court of Appeals of Indiana entered on April 10, 1996, describes locations in Lake County, Indiana.

With regard to the aforesaid opinion of the Court of Appeals of Indiana entered April 10, 1996, the Supreme Court of Indiana denied transfer on June 18, 1996. On September 9, 2001, according to the papers on file, this petitioner returned to the state trial court seeking post-conviction relief which was dismissed on December 16, 2002, but revived on January 31, 2003. That petition was finally denied on April 13, 2003, but no appeal was prosecuted therefrom. According to the papers in this case, the within petition for relief under 28 U.S.C. § 2254 was filed on or about November 23, 2005.

The Attorney General of Indiana argues that this petition is barred by application of the statute of limitations established by 28 U.S.C. § 2244(d)(1), under the Anti-Terrorism and Effective Death Penalty Act of 1996, which went into effect on April 24, 1997. *See Newell v. Hanks,* 283 F.3d 827 (7th Cir. 2002). *See also Artuz v. Bennett*, 531 U.S. 4 (2000). Section 2244(d)(1) imposes a one-year statute of limitations on state prisoners seeking habeas corpus relief. 28 U.S.C. §2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for writ of certiorari denied.

3

*Griffith v. Kentucky*, 479 U.S. 413, 321 n. 3 (1987). The Indiana Supreme Court denied transfer on the petitioner's direct appeal on June 18, 1996. Accordingly, the petitioner's statute of limitations ran on or about September 16, 1997. The petitioner did not file his petition for post-conviction relief until September 9, 2001. Because the petition for post-conviction relief was filed after the statute of limitations established by 28 U.S.C § 2244(d)(1) expired, it did not toll the statute of limitations pursuant to § 2244(d)(2).

The petitioner's traverse does not suggest that state action created an impediment to filing a habeas application in violation of the Constitution or laws of the United States, that he is relying on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or that he could not have timely discovered the factual predicate of his claims through the exercise of due diligence. 28 U.S.C. §2244(d)(1). Accordingly, his petition is untimely.

For the foregoing reasons, the court the court **DENIES** this petition pursuant to 28 U.S.C § 2244(d)(1).

**IT IS SO ORDERED.**

DATED:   September 28, 2006

	S/ ALLEN SHARP
	**ALLEN SHARP, JUDGE**
	**UNITED STATES DISTRICT COURT**

4